IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSJ PARTNERS

Plaintiff,

v.

MONA Z. BEERMAN, UNKNOWN
INDIVIDUALS 1-3, UNKNOWN
CORPORATIONS 1-3

Defendants.

CIVIL NO.

INJUNCTION AND PRELIMINARY
INJUNCTION

JURY TRIAL DEMANDED

COMPLAINT

TO THE HONORABLE COURT:

Comes the Plaintiff, OSJ Partners, through its attorney, who respectfully states, alleges, and requests in this urgent request for injunctive relief, as follows:

I.      JURISDICTION AND VENUE

1.      The Plaintiff is a partnership organized under the laws of New York, whose principal place, and the residence of its owners Todd and Soraya Merer, is in Puerto Rico and as per information and belief the Defendant is a citizen of Connecticut.

2.      The damages suffered by the Plaintiff to this date surpass the amount of $150,000.00, excluding interests and costs, and the damages that the Plaintiff will suffer, if the injunctive relief is not granted, will be irreparable and unquantifiable, but will surpass the amount of $150,000.00 by much, given that the property at stake is both historic and valued at more than one million dollars. Therefore, jurisdiction is proper 28 U.S.C. § 1332.

1

3.      The situation, events, acts, and/or omissions that give rise to Plaintiff's right to injunctive relief are currently taking place in the Commonwealth of Puerto Rico, therefore, venue is proper under 28 U.S.C. § 1391.

## II.      PARTIES

4.      Plaintiff OSJ Partners (hereon "OSJ") is a partnership created under the laws of New York, whose 51% majority owner is Mr. Todd Merer. The address of OSJ Partners is 1 Caleta Las Monjas, Viejo San Juan, Puerto Rico 00901.

5.      Defendant Mona Zacharia Beerman (hereon "MZB") is of legal age and resident of Connecticut.

6.       Unknown individuals 1-3 and unknown corporations 1-3 are individuals and companies which, at the times of the facts alleged herein, and at this moment, may be severally accountable and/or liable for the claims sustained in this request for injunctive relief.

## III.      FACTS

7.      Since 2011, OSJ is the owner of the real estate property currently identified as 1 Caleta de Las Monjas located in San Juan, Puerto Rico (hereon "1 Caleta de Las Monjas").

8.      Defendant Mona Beerman is the owner of the property identified as 2 Calle Sol, located in San Juan, Puerto Rico (hereon "2 Calle Sol").

9.      1 Caleta de Las Monjas and 2 Calle Sol are adjacent to each other.

10.      There are beams and pipes on a patio rooftop of 2 Calle Sol that are angled, which act as pipes and funnel considerable water, continually, towards 1 Caleta Las Monjas.

11.      Upon information and belief, the patio roof at 2 Calle Sol is not approved by the Instituto de Cultura Puertorriquena, and it is this entity who overseas all alterations and additions to real estate in Old San Juan.

12.     As a result, the ceiling at the second floor of 1 Caleta Las Monjas has rotten and partially fallen, a built-in mahogany bookcase has been ruined, the bathroom vanity has fallen, and a marble bathroom wall has been stained and streaked in the same color as the beams at 2 Calle Sol.

13.     Also, because of the angled beams at 2 Calle Sol, after every rain the bathroom on the second floor of 1 Caleta Las Monjas floods and it has developed mold. The leakage increases and the mold grows at 1 Caleta Las De Las Monjas, its roof and its walls are crumbling to the point beyond repair.

14.     Due to the continued leaks and fungus, Plaintiff has been unable to fully use the house and its kitchen for many months.

15.     These conditions make living at 1 Caleta Las Monjas unbearable.

16.     Mr. Merer informed MZB about this situation, and MZB hired an engineer to make recommendations.

17.     The engineer hired by MZB found that there were some unsupported beams putting load on the ceiling structure that could potentially fall, and that that the patio ceiling and the pipes at 2 Calle Sol should be removed and replaced.

18.     According to the engineer hired by MZB there are unsupported beams at 2 Calle Sol that put additional load on the ceiling, and that as a result it could potentially fall.

19.     If the ceiling falls it may pull embedded beams at 2 Calle Sol out of the already weakened wall and will further expose the interior of 1 Caleta De Las Monjas to rain and water.

20.     The engineer hired by MZB also concluded that the steel pipes at 2 Calle Sol were corroded and that because of this "the whole structure could collapse without further notice".

21.     On April 12, 2023, the Instituto de Cultura Puertorriqueña (hereon "ICP") notified 2 Calle Sol that its elements penetrate 1 Caleta De Las Monjas and that they are damaging

Plaintiff's property, and that Plaintiff should abstain from remodeling their property until Defendant makes the repairs to fix the situation.

22.     On said letter, ICP demanded Defendant to act to solve this situation.

23.     This situation impedes the enjoyment and use of 1 Caleta De Las Monjas and is causing its roof and the walls to crumble beyond repair.

24.     After ICP sent its communication, OSJ again requested MZB to fix the situation, but MZB has refused to fix the situation.

25.     OSJ also requested MZB access to 2 Calle Sol to fix the situation, but MZB also refuses to permit entrance.

26.     MZB has explained to OSJ that there is nothing that she can do about the current situation because she is currently renting.

27.     MZB is the owner of 2 Calle Sol and, as such, she is responsible for what happens on her property.

28.     If this situation persists, OSJ will face irreparable harm because the property will continue deteriorating, and OSJ will continue to be hindered from using and enjoying the property.

29.     Also, if this situation persists, the mold will continue to increase.

30.     If the roof collapses, it will pull embedded beams out of the weak wall and will expose the interior of 1 Caleta De Las Monjas to rain and water.

31.     More so, if the situation persists the structure of 2 Calle Sol may collapse, putting in danger not only the lives of its residents, of its neighbors, and pedestrians, but also will undoubtedly cause irreparable harm to 1 Caleta De Las Monjas.

32.    All these problems are particularly threatening as Puerto Rico approaches rainy and hurricane season, which will increase the amount of water that could potentially leak through and/or flood OSJ's property.

33.    Since Defendant has refused to fix the situation, the Plaintiff needs an injunctive relief to those ends.

34.    Also, Plaintiff needs a preliminary injunction to permit an engineer of its choice enter 2 Calle Sol in the next 72 hours to determine what, if anything, needs and can be done in 1 Caleta de Las Monjas to avoid further damage, and what measure(s) should OSJ and/or Defendant(s) take to prevent and/or to minimize the risk of additional irreparable harm.

35.    Mr. Todd Merer is 83 years old and married, 1 Caleta de Las Monjas is his home.

36.    1 Caleta Las Monjas is a historic building, protected under statute and Plaintiff will be unable to replace the harm that Defendants have caused, are causing, and will cause if their inaction persists.

37.    Every day that passes is another day that the members that constitute OSJ are impeded from enjoying their home, another day that they cannot get in return, "re-do" and/ or live again.

38.    Defendant's past inaction has impeded OSJ's enjoyment of 1 Caleta Las Monjas and has damaged OSJ's property.

39.    When 2 Calle Sol's structure collapses and /or fails, and as it continues to spread its elements into 1 Caleta De Las Monjas, which happens more when it rains, OSJ will continue to face irreparable damages, including but not limited to the destruction and/or ruin of its property, which results to be historic, and is also the residence of the members of OSJ. As Puerto Rico approaches hurricane season, this threat increases.

40.    OSJ faces irreparable harm if Defendant's unsupported beams, patio ceiling, and pipes remain as they are.

41.    OSJ faces irreparable harm if elements of 2 Calle Sol, including but not limited to rainwater, continue to penetrate, or leak through the walls adjacent to 1 Caleta de Las Monjas.

42.    OSJ faces irreparable harm if Defendants continue to disallow Plaintiff's engineer of choice from entering the premises of 2 Calle Sol.

43.    Plaintiff demands trial by jury in all remedies that could be tried by a jury.

WHEREFORE the Plaintiff respectfully requests that this Court:

1.  GRANT the request for a temporary injunction and ORDER Defendant to PERMIT Plaintiff's engineer to enter 2 Calle Sol, for 5 hours, in the next 72 hours to inspect; and

2.  GRANT the request for injunction and ORDER Defendant to CERTIFY, in the next 30 days: (1) that the unsupported beams, the patio ceiling, and the pipes at 2 Calle Sol have been removed or replaced, and (2) that none of its elements, including but not limited to rainwater, penetrate and/or leak through the walls adjacent to 1 Caleta de Las Monjas.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on June 5, 2023.

s/ *Ricardo Lozada*
RICARDO R. LOZADA FRANCO
USDC 301807
riclozfra@gmail.com
PO Box 10081
San Juan, Puerto Rico 00908-1081
(787) 379-1148